IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| T.G.B., a minor, by his Mother and Next Friend, STEPHANIE BARKS, and STEPHANIE BARKS, Individually,<br><br>                Plaintiffs,<br><br>v.<br><br>WALMART, INC., RUTH PALMER, and ROGER WILLIAMS,<br><br>                Defendants. | Case No. 3:25-cv-00360-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court for consideration of Motions to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Ruth Palmer (Doc. 6) and Roger Williams (Doc. 23), as well as a Motion to Remand and Memorandum in Support filed by Plaintiff Stephanie Barks, individually and as Mother and Next Friend of T.G.B., a minor child (Docs. 12, 13). Having been fully informed of the issues presented, this Court **GRANTS** Plaintiffs' Motion to Remand (Doc. 12) and **DENIES as moot** the Motions to Dismiss filed by Defendants Palmer (Doc. 6) and Williams (Doc. 23).

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This case concerns an alleged incident which took place on or about February 18, 2020, at a Belleville, Illinois Walmart Supercenter in which a commercial storage shelf, stocked with merchandise, tipped over onto Plaintiff Stephanie Barks' shopping

cart. (*See* Doc. 1, Ex. 3). Inside the cart was Barks' child, T.G.B., who was knocked to the ground and injured when the shelf hit the cart and caused it to tip over. (*See id.*). Barks and T.G.B. are citizens of Illinois originally brought this action in the Circuit Court of St. Clair County, Illinois, on March 10, 2021. *See Barks v. Walmart, Inc.*, Case No. 21-cv-00390-GCS (S.D. Ill.) (Doc. 6, Ex. 4); *Barks v. Walmart, Inc.*, Case No. 2021L000238 (Ill. Cir. Ct). Plaintiffs brought claims against Walmart, Inc. for negligence, premises liability, and negligent infliction of emotional distress stemming from the commercial storage rack fall incident. *See Barks*, No. 21-cv-00390-GCS (Doc. 6); *Barks*, Case No. 2021L000238 (Ill. Cir. Ct). Defendant Walmart filed a notice of removal in this District on April 19, 2021. *See Barks*, No. 21-cv-00390-GCS (Doc. 6). The case proceeded for two years in discovery before Plaintiffs filed a Motion Under Federal Rule of Civil Procedure 41(a)(2) For Voluntary Dismissal Without Prejudice on May 11, 2023. *Id.* (Doc. 43). On February 8, 2024, Magistrate Judge Sison granted Plaintiffs' Motion and dismissed the case without prejudice. *Id.* (Doc. 50).

Barks and T.G.B. commenced the present action on January 29, 2025, alleging similar claims related to the same February 2020 commercial storage rack incident in the Circuit Court of St. Clair County, Illinois. (Doc. 1, Ex. 3); *see Barks v. Walmart, Inc.*, Case No. 2025LA000143 (Ill. Cir. Ct.). In their Complaint, Barks and T.G.B. sued Walmart as well as two new individual Defendants: Ruth Palmer, whom Plaintiffs allege was the assistant manager at the Walmart store in question in February 2020, and Roger Williams, whom Plaintiffs allege was an associate employee at the Walmart store in question in February 2020. (Doc. 1, Ex. 3); *Barks*, Case No. 2025LA000143 (Ill. Cir. Ct.). Plaintiffs brought three causes of action against Defendant Walmart: in

Count I, Barks brought a claim for negligence on behalf of T.G.B. for damages related to the accident; in Count II, she brought a claim pursuant to the Illinois Family Expense Act, 750 ILL. COMP. STAT. 65/15, to recover damages for the cost of medical care and services incurred on behalf of her child, T.G.B.; and in Count III, she brought a claim for negligence on behalf of herself for damages. (Doc. 1, Ex. 3, pp. 11−21). In Counts IV and VI, Barks brought claims for negligence on behalf of T.G.B. for damages related to the incident against Defendants Palmer and Williams, respectively; and in Counts V and VII, she brought claims on behalf of herself pursuant to the Illinois Family Expense Act, 750 ILL. COMP. STAT. 65/15, to recover damages for the cost of medical care and services she incurred on behalf of her child, T.G.B. against Defendants Palmer and Williams, respectively. (*Id.*, pp. 14−25).

Defendants Walmart, Palmer, and Williams removed the case on the basis of the Court's diversity jurisdiction, filing a timely Notice of Removal in this Court on March 17, 2025. (*Id.*). On the same day, all three Defendants jointly filed their Answer (Doc. 5), and Defendant Palmer filed separate a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the counts brought against her.[1] (Doc. 6). Barks and her son did not timely file a response to the Motion to Dismiss. On March 28, 2025, Plaintiffs filed a Motion to Remand the action to state court and a Memorandum in Support, which largely addresses the same substantive issues as those raised in the Motion to Dismiss filed by Palmer. (Docs. 12,

---

[1] Palmer, in the jointly filed Answer filed by all three Defendants, did not answer or otherwise respond to Counts IV and V against her and only responded to these Counts via her Motion to Dismiss. (*See* Doc. 5, p. 5).

13).

This Court notes that Defendant Roger Williams also filed a Motion to Dismiss on March 17, 2025. (*See* Doc. 22). This Motion was sealed and stricken from the record on June 11, 2025, because the Motion and accompanying exhibit included information regarding a minor child by his full name. (*See id.*). Under Federal Rule of Civil Procedure 5.2 and Southern District of Illinois Local Rule 5.1(c), such information must be properly redacted for purposes of protecting private information in filings made in this Court. (*See id.*). The Court gave Williams until June 18, 2025, to re-file the Motion with the proper redactions, with the warning that failure to do so would result in a forfeiture of his arguments. (*See id.*).

On July 7, 2025, Defendant Williams re-filed his Motion to Dismiss without explanation or excuse as to the untimely filing or why this Court should still consider his Motion. (*See* Doc. 23). Accordingly, this Court declines to consider the arguments presented in his Motion to Dismiss. *See generally Johnson v. Gudmundsson*, 35 F.3d 1104, 1111 (7th Cir. 1994) (holding that the district court acted well within the bounds of its discretion in denying a party's belated motion, and that counsel's explanations did not amount to a special emergency that excused the failure to notify the court and ask for leave for additional time to file). Further, this Court finds that, based on the analysis below, Williams' Motion would nonetheless be denied as moot as the Court lacks jurisdiction to adjudicate the Motion on its merits. *See id.* at 1111, n. 5 (noting that the court's decision would not have changed had it considered the belated motion).

Similar to Defendant Williams' Motion to Dismiss, this Court also found that

Defendants' Response to Plaintiffs' Motion to Remand included information regarding a minor child by his full name in violation of Federal Rule of Civil Procedure 5.2 and Southern District of Illinois Local Rule 5.1(c). (*See* Doc. 22). The Response was sealed and stricken from the record, and the Court gave Defendants until June 18, 2025, to make the proper redactions in accordance with the Rules and re-file the Response. (See id.). This Court warned Defendants that failure to that failure to do so would result in a forfeiture of his arguments. (*See id.*). The Court further notes that Plaintiffs filed a Reply to Defendants' Response to the Motion to Remand prior to the Court striking the Response. (*See* Doc. 21).

On July 7, 2025, Defendants re-filed their Response to the Motion to Remand. (*See* Doc. 24). As with Williams' Motion to Dismiss, the Defendants did not provide reason to this Court as to the late filing or why their untimely Response should not be considered forfeited. Thus, this Court declines to consider the arguments presented in the Response. *See generally Johnson*, 35 F.3d at 1111. Further, the Court finds that, based on its thorough analysis of the issues presented below, consideration of the Response would not change the Court's analysis nor the outcome of its decision to remand the case. *See id.* at 1111, n. 5.

## Legal Standard

### I. Removal

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapatthah Servs., Inc.*, 545 U.S. 546, 552 (2005). Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that any "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may

be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Pooter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694–95 (S.D. Ill. 2007). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Kitson v. Bank of Edwardsville*, No. 06-528, 2006 WL 3392752, at *1 (S.D. Ill. Nov. 22, 2006).

The removal statute, 28 U.S.C. § 1441, is construed narrowly and doubts concerning removal are resolved in favor of remand. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (citations omitted). However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

## II.    Diversity Jurisdiction

Under 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over actions involving complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen."

*Howell v. Tribune Ent. Co.*, 106 F.3d 215, 217 (7th Cir. 1997). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v. Bristol-Myers Squibb Co.*, No. 12-60, 2012 WL 1268143, at *1 (S.D. Ill. Apr. 13, 2012).

### III. Fraudulent Joinder Doctrine

The fraudulent joinder doctrine prohibits a plaintiff from joining a non-diverse defendant in an action simply to destroy diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). If the removing defendant establishes fraudulent joinder, the district court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

"To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). Put differently, the defendant has the "heavy burden" of showing that the plaintiff's claim has "no chance of success" against the non-diverse defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). After resolving all issues of fact and law in favor of the plaintiff, if there is "any reasonable possibility" that the plaintiff may prevail against a defendant, the defendant is not fraudulently joined. *Schur*, 577 F.3d at 764. The defendant's burden is heavy, possibly even heavier than his burden with a motion to dismiss for failure to state a claim under Federal

Rule of Civil Procedure 12(b)(6). *Id.*

## ANALYSIS

This Court must begin by addressing whether it has jurisdiction to hear this matter. The primary issue presented in Plaintiffs' Motion to Remand and Memorandum in Support (Docs. 12, 13) and Defendant Ruth Palmer's Motion to Dismiss (Doc. 6) is whether the individual Defendants, Palmer and Roger Williams, were fraudulently joined. As the removing Defendants, Walmart, Palmer, and Williams have the burden of establishing the Court's jurisdiction. *See Chase*, 110 F.3d at 427. Plaintiffs, in their Motion to Remand, argue that the Defendants have not met this burden. (*See* Doc. 13). The parties agree that Plaintiffs Barks and T.G.B. and Defendants Palmer and Williams are all citizens of the State of Illinois. (*See* Doc. 13; Doc. 5, p. 1). They also agree that Defendant Walmart is a citizen of the State of Delaware (the state in which it is incorporated) and the State of Arkansas (the state in which its principal place of business is located), and thus is the only diverse Defendant. (*See* Doc. 13; Doc. 5, p. 1). As the case currently stands, the requirement of complete diversity is not met and the Court lacks jurisdiction to hear it. Plaintiffs argue that because diversity amongst all plaintiffs and all defendants does not exist, the case should be remanded to St. Clair County Circuit Court. (Doc. 13). Defendant Palmer asserts that she was fraudulently joined. (*See* Doc. 6). Rather than remand the case, she argues that the individual Defendants should be dismissed from the action because Plaintiffs have no chance of success under Illinois law in their claims against the individual Defendants. *See id.* The claims against the diverse Defendant, Walmart, would survive, permitting the case to remain in federal court.

Under the fraudulent joinder doctrine, the district court must ask "whether there is 'any reasonable possibility' that the plaintiff could prevail against the non-diverse defendant." *Schur*, 577 F.3d at 764 (quoting *Poulos*, 959 F.2d at 73). While only a Motion to Dismiss filed by Defendant Palmer is presently before the Court, the Court must consider the claims against both nondiverse Defendants, Palmer and Williams, to determine whether the Court has jurisdiction. The Court must look to the law of the State of Illinois to make this determination. *See Poulos*, 959 F.2d at 73.

Plaintiffs are pursuing negligence claims against Palmer and Williams for their alleged involvement in the commercial storage rack incident. Plaintiffs allege that Palmer, as an assistant manager, and Williams, as a store associate, "possessed, operated, managed, maintained and controlled or had a duty to possess, operate, manage, maintain and control the aforementioned store." (Doc. 1, Ex. 3, pp. 11, 18). They allege that Palmer and Williams breached this duty by having "carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition for persons using said premises" although Palmer and Williams "knew, or in the exercise of ordinary and reasonable care, should have known, of said dangerous condition." (*Id.*, pp. 11, 19). Plaintiffs claim that Palmer and Williams are liable for one or more of the following acts or omissions:

    a. Improperly operated, managed and controlled the aforesaid premises; and/or
    b. Allowed and permitted the commercial storage rack to be improperly installed; and/or
    c. Failed to properly and adequately maintain the commercial storage rack; and/or
    d. Failed to make a reasonable inspection of the aforesaid commercial storage rack, when Defendant knew, or should have known, that said in section was necessary to prevent injury to the

    Plaintiff; and/or
- e. Failed to warn the Plaintiff of the dangerous condition of said commercial storage rack, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent said injury to Plaintiff; and/or
- f. Allowed the commercial storage rack to be stocked incorrectly; and/or
- g. Failed to supervise [her/his] employees when they were installing the commercial storage rack; and/or
- h. Failed to train [her/his] employees on how to assemble the commercial storage rack; and/or
- i. Failed to train [her/his] employees on how to properly and safely stock the commercial storage rack; and/or
- j. Failed to properly assemble the commercial storage rack; and/or
- k. Failed to properly attached [sic] the commercial storage rack to the larger commercial storage rack; and/or
- l. Failed to properly stock the commercial storage rack.

(*Id.*, pp. 12–13, 19–20). Plaintiffs claim that they were injured and they incurred damages as the direct and proximate result of such negligent acts and omissions. (*Id.*, pp. 13, 20).

  Palmer argues that the claims against her cannot survive and should be dismissed because Plaintiffs "have not alleged that Palmer actively participated in any action that caused or contributed to the condition that allegedly resulted in Plaintiffs' accident," and that, as a matter of law, "Palmer did not owe any independent duty to Plaintiffs to identify and protect against potentially dangerous conditions" present on Walmart's property. (Doc. 6, p. 7). The alleged breaches of duty enumerated in Plaintiffs' Complaint, Palmer argues, may have been duties that she owed her employer, Walmart, but were not duties independently owed to Plaintiffs. (*See id.*, p. 6).

  The heart of the issue here is whether Defendants Palmer and Williams owed an independent duty to Plaintiff Barks and her son aside from the duties which they

Page 10 of 16

owed their employer, Walmart. Whether a duty exists is a question of law. *Schur*, 577 F.3d at 766 (citing *Widlowski v. Durkee Foods, Div. of SCM Corp.*, 562 N.E.2d 967, 968 (1990)) (interpreting Illinois law). Well-settled Illinois law establishes that every person owes a "duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act, and such a duty does not depend upon contract, privity of interest or the proximity of relationship, but extends to remote and unknown persons." *Id*. "To determine whether an individual owed a duty to another, a court considers whether the risk of harm was reasonably foreseeable." *Id*. It is also well-established that, under principles of vicarious liability, a principal is vicariously liable for the misconduct of the agent committed within the scope of the agent's employment; but an agent also remains independently liable for their own tortious misconduct. *Schur*, 577 F.3d at 765 (citing *Towns v. Yellow Cab Co.*, 382 N.E.2d 1217, 1221 (1978); *Baird v. Shipman*, 23 N.E. 384, 384 (1890) (per curiam)). Under Illinois law, an agent is liable in tort to a third party harmed by the agent's misconduct when the agent has breached an independent duty owed to that third party. *See Schur*, 577 F.3d at 765–66, *Chan v. Target Corp.*, Case No. 24-CV-2386, 2025 WL 712586, at *5–6 (N.D. Ill. Mar. 5, 2025).

In *Schur*, the Seventh Circuit analyzed a fraudulent joinder case in which plaintiff was proceeding on claims for injuries incurred as plaintiff followed a diet program offered and administered by Defendant L.A. Weight Loss Centers, Inc. *See Schur*, 577 F.3d at 756. Plaintiff initially sued Defendant L.A. Weight Loss in state court, and L.A. Weight Loss subsequently removed the case to federal court on the basis of diversity jurisdiction. *See id*. Once in federal court, plaintiff sought leave to

add three additional defendants, two of whom were employees of L.A. Weight Loss and who were also citizens of the same state as plaintiff. *See id.* at 757. Because the two individual defendants destroyed diversity jurisdiction, the district court analyzed the claims under the fraudulent joinder doctrine to determine whether it had jurisdiction over the case. *See id.*

On review, the Seventh Circuit analyzed a similar question to the one presently before this Court of whether defendants sufficiently established that plaintiff had no chance of success on her claims against the individual non-diverse defendants because the individual defendants, as employees of Defendant L.A. Weight Loss, did not owe a separate and independent duty to plaintiff upon which she might establish a basis for liability for her injuries. *See id.* at 764. Plaintiff claimed that she was fatally injured by a diet and weight loss program offered by L.A. Weight Loss, and that the assistant manager who allegedly enrolled her in the program and sold her supplements, as well as the general manager who allegedly approved, participated in, or supervised her weight loss program were also liable for her injuries. *Id.* at 757.

The Court held that the defendants failed to meet their burden of showing plaintiff had no chance of success. *Id.* at 766. The court held that defendant "L.A. Weight Loss is correct that some allegations against [the assistant manager] and [the general manager] were not actionable because they did not allege an independent duty." *Id.* However, the Court also held that the allegations that the two employees "had a personal duty 'to exercise reasonable care in the supply and provision of counseling services and diet supplements' and that both defendants approved a diet plan that included taking supplements in excess of the directions on the LA Weight

Loss labels," did extend beyond a duty owed to their employer and invoked duties that the employee-defendants owed to plaintiff. *Id.* Thus, the assistant manger and general manager defendants were under a duty to act reasonably toward plaintiff in light of foreseeable consequences, and the claims against them survived under the fraudulent joinder doctrine. *Id.* Lacking jurisdiction, the Seventh Circuit ordered the district court to remand the case state court. *Id.* at 768.

In a case similar to the case at hand, the Northern District of Illinois analyzed whether a duty was owed by an individual defendant store manager to an injured plaintiff such that the defendants could establish that the individual defendant was fraudulently joined. *See Chan*, 2025 WL 712586. Plaintiff suffered a slip-and-fall injury upon entering a Target store when she stepped off the store's motorized scooter onto a wet floor on a rainy day. *See id.* at *1. She sued the store, Target, as well as one of the store managers at the time. *See id.* Defendant Target removed to federal court on the basis of diversity jurisdiction, and the defendant manager moved to dismiss the claims against her and argued that since she was not an active tortfeasor, plaintiff had no basis for establishing liability against her. *See id.* at *2.

The district court found that the individual employee defendant did not sufficiently show that the claim against her had no reasonable chance of success, and ultimately remanded the case to state court. *Id.* at *7. The court reasoned that while the job title of store manager, without more, is not enough to give rise to a claim against that employee, the manger might still be liable for breaching an independently owed duty to plaintiff. *Id.* at *5. Additionally, the court stated that a breach of a duty extends to both negligent acts and omissions, and therefore may not

always be an affirmative act. *Id.* Plaintiffs alleged that the defendant store manager was responsible for numerous negligent acts or omissions, including failing to maintain the store front, allowing it to become dangerous, failing to train employees, failing to mark the slippery floors for customers, failing to warn of the dangerous condition, and so on. *Id.* at *6. The district court held that some of these allegations stemmed from independent duties owed by the manger to the plaintiff such that a breach of those duties gave rise to the manger's liability. *Id.* Because plaintiff had a colorable basis on her claim against the individual defendant store manager, fraudulent joinder had not been established and the individual store manager was a properly named defendant in the action. *Id.* Accordingly, the court had no jurisdiction over the case and remanded it to state court. *Id.* at *7.

The case law thus makes clear that Plaintiffs Barks and T.G.B. have a reasonable possibility of success in their claims against Palmer and Williams for injuries they incurred in the storage rack incident. Plaintiffs allege that Palmer, as the assistant manager at the time, and Williams, an associate employee at the time, breached their duties to Barks and her son by a number of negligent acts and omissions. (*See* Doc. 1, Ex. 3). This Court finds that Plaintiffs sufficiently allege some duties that Palmer and Williams owed Plaintiffs Barks and T.G.B. that created risks of harm that were reasonably foreseeable if breached. For instance, it is foreseeable that Palmer's and William's alleged failures to warn Plaintiffs of the dangerous commercial storage rack when they knew or should have known that the warning was necessary to prevent injuries may have resulted in the storage rack causing harm to Plaintiffs. (*See id.*, pp. 12–13, 19–20). It is also reasonably foreseeable that Palmer's

and Williams' alleged failure to properly and adequately maintain the commercial storage rack may have caused harm to customers, such as Plaintiffs. (*See id.*). Further, it is reasonably foreseeable that Palmer's and Williams' alleged failure to reasonably inspect the storage rack when they knew or should have known that an inspection was necessary to prevent injury to Plaintiffs may have caused harm to Plaintiffs. (*See id.*). While these claims may prove unfruitful as the case stretches further into discovery and towards summary judgment or trial, the question before the Court is simply whether Plaintiffs sufficiently allege that Palmer and Williams were active tortfeasors. *See Chan*, 2025 WL 712586 at *6. Barks and T.G.B. have done so, and there is certainly a reasonable possibility that Plaintiffs might prevail on their claims against Defendants Palmer and Williams. Accordingly, this Court finds there is no fraudulent joinder of Defendants Palmer and Williams in this matter.

As discussed above, Defendants Palmer and Williams, who this Court has determined are properly named Defendants in this action, are citizens of the same state as Plaintiffs Barks and her son, T.G.B. (*See* Doc. 13, Doc. 5, p. 1). Because complete diversity does not exist between all Plaintiffs and all Defendants, this Court lacks jurisdiction to adjudicate the merits of this dispute. *See Schur*, 577 F.3d at 768. Lacking jurisdiction over this matter, this Court must remand the action to state court. *See* 28 U.S.C. § 1447(c); *see also Schur*, 577 F.3d at 578; *Chan*, 2025 WL 712586 at *7.

## CONCLUSION

For the foregoing reasons, Plaintiffs Motion to Remand is **GRANTED**. (Doc. 12). This Court **REMANDS** the entire action to the Circuit Court for the Twentieth

Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction. The Motions to Dismiss filed by Defendants Palmer (Doc. 6) and Williams (Doc. 23) are **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED: July 9, 2025**

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge
